1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEREK MICHAEL WOODEN, | ) | 1:06-CV-00529 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING RESPONDENT TO FILE |
| | ) | RESPONSE |
| | ) | |
| v. | ) | ORDER SETTING BRIEFING SCHEDULE |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| A. K. SCRIBNER, | ) | SERVE DOCUMENTS ON ATTORNEY |
| | ) | GENERAL |
| Respondent. | ) | |
| | ) | |

      Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.

      On April 3, 2006, Petitioner filed a habeas petition in the Sacramento Division of the United

States District Court, Eastern District of California. By order of the Court dated May 3, 2006, the

case was transferred to the Fresno Division and received in this Court. Following a preliminary

review of the petition, this Court granted Petitioner leave to amend the petition to name a proper

respondent. On June 19, 2006, Petitioner filed a First Amended Petition. The Court has conducted a

preliminary review of the amended petition.  Accordingly, pursuant to Rule 4 of the Rules Governing

1   Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY

2   ORDERS:

3      1.   Respondent SHALL FILE a RESPONSE.  A Response can be made by filing one of the

4           following:

5           A.  AN ANSWER addressing the merits of the Amended Petition and due within

6               **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules Governing

7               Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985)

8               (court has discretion to fix time for filing an Answer.).

9               –   Respondent SHALL INCLUDE with the Answer any and all transcripts or other

10                  documents necessary for the resolution of the issues presented in the Petition.

11                  Rule 5 of the Rules Governing Section 2254 Cases.

12              –   Any argument by Respondent that Petitioner has *procedurally defaulted* a

13                  claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the

14                  claims asserted. This is to enable the Court to determine whether Petitioner meets

15                  an exception to procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th

16                  Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve

17                  the ends of justice);  <u>Jones v. Delo</u>, 56 F.3d 878 (8th Cir. 1995) (the answer to the

18                  question that it is more likely than not that no reasonable juror fairly considering

19                  all the evidence, including the new evidence, would have found Petitioner guilty

20                  beyond a reasonable doubt necessarily requires a review of the merits).

21              –   Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date

22                  Respondent's Answer is filed with the Court.

23          B.  A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this

24

25

26      _____

            [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice
27      in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil
        actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not
28      inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules
        Governing Section 2254 Cases.

order based on the following grounds:[2,3]

    (1) EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings so as to allow the Court to examine the limitations issue.  See, Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

    (2) STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.

    (3) SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof.

2.  OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.  Replies to Oppositions to all other Motions SHALL be served and filed within eight (8) days, plus three days for mailing.  If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

3.  Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

[3]Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties must seek leave of court before submitting any pleading not contemplated by this Order.  Fed.R.Civ.P. 16(e).

1    United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

2    4.    RESPONDENT SHALL submit a Notice of Appearance as attorney of record within

3          **SIXTY (60)** days of the date of service of this order for purposes of service of court

4          orders.  <u>See,</u> Local Rule 83-182(a), 5-135(c).

5    5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy

6          of the FIRST AMENDED PETITION and any exhibits/attachments, on the Attorney

7          General or his representative.[4]

8    All motions shall be submitted on the record and briefs filed without oral argument unless

9    otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are

10   applicable to this order.

11   IT IS SO ORDERED.

12   **Dated:    June 28, 2006**                    **/s/ Lawrence J. O'Neill**
     b9ed48                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ————————————————
     [4]If, however, the Petition was filed on January 3, 2005, or thereafter, the Clerk of the Court need not serve a copy
28   of the Petition on the Attorney General or his representative. A scanned copy of the Petition is available in the Court's
     electronic case management system ("CM/ECF").